has been cited in support of the position so contended for, and the appellant's counsel frankly states in his brief that he has not been able to find any direct case in point. Neither have I been able, after diligent research, to find any authority bearing directly upon the question; and in the absence of authority I think, under all the circumstances shown, that the validity of the undertaking should be determined in an action brought thereon, rather than upon this motion.

Motion denied, but without costs.

---

(128 App. Div. 72.)

### TARANTO v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Division, Second Department.    October 9, 1908.)

APPEAL AND ERROR—REVIEW—CHALLENGE TO CHARGE—ACQUIESCENCE.

The court, in an action by a passenger against a carrier for being shot by another passenger while on defendant's steamer, charged that any cause of action based on an assault, on the theory that defendant's interpreter assaulted the passenger who shot, and that the shot was fired in self-defense was barred by limitations, and that any cause of action was for breach of the carrier's duty to use reasonable precautions to secure plaintiff against harm by violence of other passengers, and that the only question was whether it took proper precautions in admitting steerage passengers to the vessel to see that they did not carry firearms, and that defendant was liable only if it was negligent in that respect, and such negligence caused the injury. *Held*, that plaintiff's exception to the charge, that it took from the jury the right to consider the question whether the action of the interpreter in committing the assault on the other passengers was the proximate cause of the shooting and whether defendant was liable therefor, and her request to charge that if the interpreter did assault the other passenger and such assault was the proximate cause of plaintiff's injury defendant was liable, did not challenge the suggestion of the court that the statute had run as against an action for assault, so that plaintiff acquiesced in the theory of the case as submitted and could not complain of such submission.

Appeal from Trial Term, Kings County.

Action by Rosa Taranto against the North German Lloyd Steamship Company. From a judgment on a verdict for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Nelson L. Keach, for appellant.

Joseph Larocque, Jr., for respondent.

WOODWARD, J. It is difficult to understand just what question is presented by this appeal. The plaintiff brings this action to recover damages for personal injuries alleged to have been sustained on board one of the defendant's steamships while near Gibraltar, in 1903, on its outbound trip from New York. The plaintiff was a passenger on board the steamship. On the same steamer was a passenger by the name of Viscardi. The plaintiff's theory is that the ship's interpreter committed an assault upon Viscardi; that the latter in self-defense drew a revolver and fired the same in such a careless and reckless manner that the plaintiff was hit in the breast by one of the bullets and

more or less seriously injured. The defendant's version is that the
interpreter was called upon by a passenger who represented that Vis-
cardi was crazy, and that the interpreter went to him and endeavored
to soothe him, and that while thus engaged Viscardi did the shooting,
immediately thereafter jumping overboard to his death. The com-
plaint was based upon the theory of the celebrated squib case, that the
defendant's employé having set in motion an assault, and the assaulted
party having committed the injury while trying to protect himself
against the assault, the defendant was guilty of negligence in permit-
ting its servant to make the original assault, in violation of its contract
for safe carriage of the passenger. At the close of the plaintiff's case,
and again after the defendant had rested, a motion was made to dis-
miss the complaint on the ground, among others, that:

"It conclusively appears that the accident or occasion of this trouble arose
out of an assault and battery, and that therefore the action is barred by the
two-year statute of limitations."

This motion was denied; the defendant excepting.

In charging the jury the learned court said that the defendant owed
the plaintiff the duty—

"to use all reasonable precautions to secure her against harm by the violence
of other passengers. The alleged breach that gives rise to the cause of action,
if any, in this case, is that the defendant steamship company did not use all
reasonable precautions to secure this woman, who became their passenger,
against harm by the violence of other passengers. Under the law applicable
to this case there is but one quarter in which the negligence must be found,
if the defendants were guilty of negligence in the performance of that duty.
The only question is whether or not they took proper precautions in admitting
steerage passengers on board this vessel—whether they took proper precau-
tions to see to it that they did not carry firearms."

In a subsequent paragraph the court continued the charge:

"If this interpreter struck the man in the face, assaulted him, and the man
was angered, and that led to the shooting, that was an assault—the inter-
preter, an employé of the defendant, was guilty of an assault; but, the limi-
tation of an action for assault being two years, the statute has run against
it. There is nothing left in the case but to determine whether there was prop-
er precaution to see to it that men were not admitted on board the boat—
steerage passengers—on that voyage with firearms; and if the defendants were
guilty of negligence in that quarter, and that negligence led to or caused the
injury to the plaintiff, then they are liable; otherwise, not. Now you must not
try to escape from that issue and find a verdict on any other theory. You
must confine yourself to that."

It will be remembered that the court refused to dismiss on the
ground that the statute had run against the cause of action. The
charge did not take the case from the jury on the ground that the
statute had run against any cause of action alleged against the defend-
ant. It was merely stated that, if the interpreter had committed the
assault, he "was guilty of an assault; but, the limitation of an action
for assault being two years, the statute has run against it"—which was
merely saying to the jury that this action was not dependent upon the
assault committed on board a German steamship upon the high seas,
but depended upon the performance of the duty of a common carrier
to its passengers to use reasonable precautions to protect them against

violence on the part of other passengers, which duty, in this case, under the charge, was to use reasonable precautions in embarking passengers at the port of New York to see that they did not carry concealed weapons, in violation of the statute. We do not care to be committed to the proposition here asserted, as it is not necessary to the determination of the question presented by the appeal.

Plaintiff's counsel excepted to the charge—

"wherein you take from the jury the right to consider the question as to whether the act of the interpreter in committing the assault upon this Viscardi was the proximate cause of the shooting and that the company is not liable for that to the plaintiff; and in that connection I will ask your honor to charge the jury that if they find he did assault and provoke Viscardi, and that the act of the servant of the defendant was the proximate cause of the injury to the plaintiff, the defendant is liable."

This was refused; the plaintiff excepting. There is nothing in this exception, or in the request to charge, which in any way challenged the suggestion of the court that the statute of limitations had run as against an action for assault. The action was not based upon the assault as an assault, but upon the breach of the contract for safe carriage. The plaintiff, by not questioning that the statute of limitations had run as against an assault, acquiesced in the theory of the case that it was for damages for breach of contract of carriage, and the question then became, not what was the proximate cause of the plaintiff's injuries, but whether the defendant had used proper care in providing for her safe transportation; and the only question suggested under this head was whether the steamship company owed the duty of examining its steerage passengers to determine whether, in boarding the vessel, they were violating the penal statutes of the state by carrying concealed weapons. The plaintiff went to the jury upon this proposition, without questioning that the statute had run against any other form of action, or an action based on the negligence of the defendant in permitting the assault indirectly through one of its servants, and no reason suggests itself why the verdict should be disturbed, even if it be conceded that our courts would have jurisdiction of an action based upon an assault committed upon the high seas under a German flag.

The judgment and order appealed from should be affirmed, with costs. All concur.

---

(128 App. Div. 76.)

TARANTO v. NORTH GERMAN LLOYD S. S. CO.

(Supreme Court, Appellate Division, Second Department. October 9, 1908.)

Appeal from Trial Term, Kings County.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

Nelson L. Keach, for appellant.
Joseph Larocque, Jr., for respondent.